IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | |
| PETITION OF SIGNET MARITIME | § | C.A. NO. _____ |
| CORPORATION, AS OWNER OF THE | § | (Subject to Rule 9(h) |
| TUG SIGNET LIBERTY, ITS ENGINES | § | of the Federal Rules |
| TACKLE, ETC. IN A CAUSE OF | § | of Civil Procedure) |
| EXONERATION FROM OR | § | Admiralty |
| LIMITATION OF LIABILITY | § | |

**COMPLAINT AND PETITION OF SIGNET MARITIME CORPORATION AS OWNER OF THE TUG SIGNET LIBERTY, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Petitioner, Signet Maritime Corporation, as owner of the TUG SIGNET LIBERTY, its engines, tackle, etc., (referred to as "the Petitioner"), in a cause of exoneration from or limitation of liability and file this their Complaint and Petition and as cause alleges as follows:

**I.**

The Petitioner was at all times mentioned, a business existing under the laws of the State of Delaware, and maintaining their principal office and place of business in Houston, Harris County, Texas. Signet Maritime Corporation is the owner of the TUG SIGNET LIBERTY.

**II.**

The SIGNET LIBERTY is and at all material times was a tug boat. The vessel had a gross registered tonnage of approximately 39 tons, and a net registered tonnage of approximately 26 net tons. Its official number is 524809. The TUG SIGNET LIBERTY was at all times material in all respects seaworthy, and it was at all times material properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with

suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

### III.

On or about February 4, 2005, the TUG SIGNET LIBERTY was in navigable waters in or near Ingleside, Texas. The voyage commenced on or about February 4, 2005 and terminated on or about February 4, 2005. During the voyage, James Sawberger alleges he sustained injuries while working as a deckhand aboard the vessel in question. The Petitioner suspects there will be personal injury claims arising from the incident by claimants at this time known and unknown by Petitioner.

### IV.

The alleged injuries and damages as set forth in Paragraph III were not caused or contributed to by any fault or negligence or want of care on the part of the TUG SIGNET LIBERTY, the Petitioner, or anyone for whom the Petitioner may be responsible.

### V.

The alleged and damages as set forth in Paragraph III were occasioned and incurred without the design or neglect of the Petitioner, or anyone from whom the Petitioner may be responsible.

### VI.

In addition, the alleged injuries and damages as set forth in Paragraph III were occasioned and incurred without the privity or knowledge of the Petitioner.

### VII.

Except as stated in Paragraph III, there are no other known demands, unsatisfied liens or claims of lien, in contract, or in tort, arising from the vessel's above-mentioned voyage, so far as known to the Petitioner, and no law suits are known to be pending as a result of the voyage, nor

has the Petitioner been sued to answer for any claims arising on or after the vessel's above mentioned voyage.

### VIII.

The alleged injuries and damages which occurred on or about February 4, 2005 were occasioned and incurred without fault on the part of the Petitioner and without the design or neglect of the Petitioner and without the privity or knowledge of the Petitioner, and without unseaworthiness or fault of the TUG SIGNET LIBERTY; nevertheless, claims and demands have been made and are expected to be made against the Petitioner by James Sawberger and by unknown claimants.

### IX.

The amount of the aforesaid claims and demands referred to in Paragraph III may exceed the amount and value of the Petitioner's interest in the TUG SIGNET LIBERTY immediately after the alleged occurrence of February 4, 2005 and/or at the time of the termination of its voyage in question, and the value of its then pending freight.

### X.

As appears from the Affidavit of J. Barry Snyder, attached as Exhibit "A", the TUG SIGNET LIBERTY had a value not in excess of $290,000.00. Further, the vessel was under flat fee arrangement at the rate of $1,432 per day for the voyage upon which the vessel was engaged on the date in question.

### XI.

The Petitioner desires to contest its liability, and the liability of the TUG SIGNET LIBERTY for the loss, injuries, and damages allegedly sustained as a result of the above-described incident, and for any and all losses, damages, and/or personal injuries which may have occurred during the voyage in question, and the Petitioner claims exoneration from or limitation

of liability for the loss and/or injuries of any person, company, corporation, vessel or cargo during the voyage of the TUG SIGNET LIBERTY on or about February 4, 2005, and for any claims that may be made for any injuries or damages of any person, firm or corporation, and the Petitioner alleges that they have valid defenses on the facts and on the law. The Petitioner further claims the benefit of Limitation of Liability as provided in Sections 4282 to 4289, inclusive, of the Revised Statutes of the United States (46 U.S.C. §§ 182 to 189, inclusive), Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and the Supreme Court of the United States.

## XII.

While not in any way admitting that the Petitioner is under any liability for the alleged loss and damages, the Petitioner here claims and reserves the right to contest in this or any other Court any liability therefore, either of the Petitioner or of the TUG SIGNET LIBERTY, and the Petitioner claims and is entitled to have its liability, if any, limited to the amount or value of their interest as aforesaid in the TUG SIGNET LIBERTY at the termination of the voyage in question.

## XIII.

The Petitioner is ready and willing to give a Letter of Undertaking in the usual form, of the amount of value of the Petitioner's interest in the TUG SIGNET LIBERTY and its then pending freight following the alleged occurrence in question, with appropriate interest from the date of the letter and costs and are prepared to give an Ad Interim Stipulation with sufficient surety whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such appraisal as the Court may direct.

## XIV.

The Petitioner hereby offers their Letter of Undertaking in the amount of $295,000.00 covering the value of the Petitioner's interest in the TUG SIGNET LIBERTY, and its then pending freight at the termination of the voyage in question, together with interest at the rate of 6% per annum from the date of the Letter of Undertaking and for costs.  Said Letter of Undertaking being to secure the payment into the Court whenever the Court shall so order, of the aggregate amount of the value of the Petitioner's interest in the TUG SIGNET LIBERTY and its then pending freight.

## XV.

The Petitioner is willing to increase the amount of the Letter of Undertaking in said amount as the Court may from time to time, or will post an Ad Interim Stipulation with sufficient surety, or will pay into the Court the amount or value of the Petitioner's interest in said vessel and pending freight as found by the Court either as a result of a hearing or the confirmation of a Commissioner's report, or will file in this proceeding a bond or stipulation for value in the usual form with surety in such amount as the Court may direct from time to time, together with interest at the rate of 6% per annum from date, plus costs of Court.  In the event a payment is posted, any previously posted Letter of Undertaking or Ad Interim Stipulation is to be considered as void.

## XVI.

The Petitioner would show that the TUG SIGNET LIBERTY has not been sued to answer any claim arising out of the aforesaid occurrence or any occurrence during the voyage in question except as stated above.  Likewise, the Petitioner has not been sued with respect to the claims which have been set forth except as stated above.  This Honorable Court has cognizance of this proceeding and this is the proper court and district in which to file this Petition as

provided by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## XVII.

The Petitioner would show that this Complaint and Petition has been filed within the six-month period subsequent to the giving of any written notice to the Petitioner by any claimant for damages which any person, property or vessel sustained during the voyage in question. The Petitioner would further show that no other party or parties have given written notice of a claim concerning the voyage in question.

## XVIII.

All and singular, the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, the Petitioner prays:

(1)   That this Court cause due appraisement to be made of the amount or value of the Petitioner's interest, in the TUG SIGNET LIBERTY, its engines, tackle and apparel, etc., which were aboard the vessel on the date in question, and its pending freight for the voyage in question.

(2)   That the Court make an Order approving the Petitioner's Letter of Undertaking filed with the Court for the payment into Court of the value of the Petitioner's interest in the vessel and its pending vessel and its pending freight at the termination of the voyage in question, whenever the same shall be determined and ordered by the Court, in addition to costs of Court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may from time to time deem proper.

(3) That the Court make an Order directing the issuance of a Monition to all persons, firms or corporations who might have any claim arising out of the incident in question of the TUG SIGNET LIBERTY, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for the Petitioner on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a Commissioner or this Court as the Court may later direct, and also to appear and answer the allegations of this Petition according to the law and rules and practices of this Court at or before a certain time to be fixed by the Monition.

(4) That upon the approval of a Letter of Undertaking, or the giving of such stipulation as may be determined by the Court to be proper, an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained arising out of or resulting from the occurrence hereinbefore described and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against the Petitioner, the TUG SIGNET LIBERTY, or their agents or representatives, or any other person whatsoever for whom the Petitioner may be responsible with respect to any claim or claims arising out of the aforesaid activities.

(5) That the Court in this proceeding adjudge:

    (a) That the Petitioner is not liable to any extent for any losses, injuries or damages of any party in any way arising out of, during, or consequent upon the occurrence of activities of the TUG SIGNET LIBERTY, and

that therefore the TUG SIGNET LIBERTY and the Petitioner are exonerated from any and all liability which has been or may be claimed against them as a result of the occurrence in question.

(b) Alternatively, if the Petitioner shall be adjudged liable, then such liability be limited to the amount or value of the Petitioner's interest in the TUG SIGNET LIBERTY after the alleged incident in question, its engines, tackle, and apparel which were aboard the vessel at that time, and its then pending freight for the activities on or about the date in question and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove their claims before this Court or a Commissioner, if one be appointed, saving to all parties any priorities to which they be legally entitled, and that a decree may be entered discharging the Petitioner from all further liability.

(6) That the Petitioner may have such other and further relief to which it may be entitled.

Respectfully Submitted,

Will W. Pierson
State Bar No. 16003100
Federal I.D. No. 1931
Christopher Lowrance
State Bar No. 00784502
Federal I.D. No. 15481
1700 Wilson Plaza West
606 North Carancahua
Corpus Christi, Texas 78476
(361) 884-8808 Office
(361) 884-7261 Facsimile
ATTORNEYS FOR
SIGNET MARITIME CORPORATION

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.