**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| SIGNET MARITIME CORPORATION, | § | Civil Action No. 05-413 |
| | § | |
| Petitioner. | § | |
| | § | |

**ORDER ADDRESSING PENDING MOTIONS**

On this day came on to be considered Claimants' (1) Motion to Deny Petitioner's Request for Injunctive Relief (d.e. 8); (2) Motion to Stay and/or Abate the Complaint and Petition of Signet Maritime Corporation (d.e. 9); (3) Motion to Dismiss Complaint and Petition of Signet Maritime Corporation for Exoneration from Liability under Fed. R. Civ. P. 12(b)(6) (d.e. 11); and (4) Motion to Lift Stay and Injunction (d.e. 26).  The Court DENIES all four motions.

**I.    Jurisdiction**

This Court has jurisdiction over the instant exoneration from or limitation of liability proceeding pursuant to the Limitation of Liability Act of 1851.  46 U.S.C. app. § 185 (1990).

**II.    Factual and Procedural Background**

On August 16, 2005, Claimants James and Rachel Sawberger, husband and wife, filed a state court lawsuit, Cause No. 05-4073-A, in the District Court for the 28th District in Nueces County, Texas, against six defendants: (1) Signet Maritime Corporation, (2) Boss Exploration & Production Corporation, (3) FESCO Exploration, Ltd., (4) FESCO Exploration Management, L.L.C., (5) FESCO Management, L.L.C., and (6) FESCO, Ltd.  The Original Complaint filed in state court alleges that Claimant James Sawberger sustained injuries on February 5, 2005, while employed as a deck hand on the M/V Signet Liberty, a towboat owned and operated by Signet Maritime

Corporation, Petitioner in the instant federal exoneration from or limitation of liability proceeding. The Original Complaint further alleges that Claimant James Sawberger was injured when he boarded a barge that was tied to a wellhead, owned and operated by Boss Exploration & Production Corporation.  While on the barge, Claimant James Sawberger "slipped on mud and/or wellbore fluids, which caused [him] to slip, twist and injure his back."  (Original Compl. ¶ 4.03.)  According to Claimants, the remaining four defendants, collectively referred to as "FESCO Defendants" are liable for failing to "exercise the degree of care that a reasonably careful and prudent entity in the same field would use to avoid harm to others under [similar] circumstances . . . ."  (Original Compl. ¶ 7.01.) Claimant James Sawberger seeks to recover damages for his injuries; his wife, Claimant Rachel Sawberger, seeks to recover damages for loss of consortium.

On August 17, 2005, in response to Claimants' state court lawsuit, Signet Maritime Corporation petitioned this Court for exoneration from or limitation of liability pursuant to the Limitation of Liability Act.  46 U.S.C. app. §§ 181-196 (1990).  Petitioner Signet Maritime Corporation also seeks to enjoin Claimants' state court lawsuit.

The Court conducted an Initial Pretrial Conference on September 30, 2005, and pursuant to the Limitation of Liability Act, entered an Order Restraining Prosecution of Claims (d.e. 33).  The Order specifically provides:

> [I]t is . . . ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings of any nature of description whatsoever, except in the present proceeding, in respect of any claim arising out of, consequent upon, or in connection with the aforesaid voyage of the TUG SIGNET LIBERTY [M/V Signet Liberty], which commenced on or about February 4, 2005, be, and they are hereby stayed for 30 days.

(Order at 3-4 (emphasis added).)

A subsequent telephone conference was conducted on November 4, 2005, during which the Court considered whether the stay articulated in Order Restraining Prosecution of Claims should be extended. The Court determined that Claimants had not provided a stipulation that was signed by all codefendants in the state court lawsuit or that fully protected Petitioner's limitation rights under the Limitation of Liability Act, and therefore extended the stay of prosecution of related claims in state court until further order of court.

## III.    Applicable Law

The instant proceeding concerns the Limitation of Liability Act, which protects a shipowner's absolute right to claim the Act's liability cap and to reserve the adjudication of that right in federal district court. 46 U.S.C. app. §§ 181-196; see also Magnolia Marine Transp. Co. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir. 1992). Under 46 U.S.C. app. § 185, Petitioner shipowner may file a limitation of liability petition in federal district court "within six months after a claimant shall have given to or filed with [Petitioner] written notice of claim." 46 U.S.C. app. § 185; see also Karim v. Finch Shipping Co., 265 F.3d 258, 263 (5th Cir. 2001). In the process of seeking limited liability, Petitioner may also contest liability by seeking exoneration from liability. See In re Tetra Applied Tech., 362 F.3d 338, 342 (5th Cir. 2004).

When Petitioner initiates a federal limitation of liability proceeding, the federal district court should require all Claimants to timely assert their claims in the federal district court, and stay all related claims against Petitioner pending in state court. Magnolia Marine Transp. Co., 964 F.2d at 1575. The federal district court should lift the stay and allow Claimants to proceed in state court, if "all claimants . . . sign a stipulation protecting the [shipowner's] rights under the Limitation [of Liability] Act." In re Complaint of ADM/Growmark River Sys., Inc., 234 F.3d 881, 885-86 (5th Cir.

2000) (emphasis in original); see also Texaco, Inc. v. Williams, 47 F.3d 765, 768 (5th Cir. 1995). Lifting the stay on Claimants' state court lawsuit after they file an adequate stipulation with the federal district court resolves the conflict between the exclusive jurisdiction the Limitation of Liability Act vests in federal district court and the common law remedies embodied in the "saving to suitors" clause of 28 U.S.C. § 1333, which allows Claimants to seek common law remedies against a shipowner in state court. See Texaco, Inc., 47 F.3d at 767.

Parties seeking indemnification and contribution from Petitioner shipowner are considered Claimants and therefore must also sign an stipulation that adequately protects Petitioner's rights under the Limitation of Liability Act, before the federal district court lifts the stay on Claimants' state court lawsuit. In re ADM/Growmark River Sys., Inc., 234 F.3d at 886; see also In re Complaint of Port Arthur Towing Co., 42 F.3d 312, 316 (5th Cir. 1995) ("a 'claimant' . . . includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees"). If the federal district court cannot be sure that the stipulation adequately protects Petitioner shipowner's right to limit liability, because not all Claimants, including codefendants in the state court lawsuit, have signed the stipulation, the federal district court must remain the sole forum for adjudicating the claims against Petitioner. Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671, 675 (5th Cir. 1996).

## IV.   Analysis

### A.   Motion to Deny Petitioner's Request for Injunctive Relief

Claimants' Motion to Deny Petitioner's Request for Injunctive Relief is DENIED.  Under the Limitation of Liability Act, Petitioner may file a limitation of liability petition in this Court.  46 U.S.C. app. § 185.  When Petitioner initiates such a proceeding, the Court, for the purpose of protecting Petitioner's absolute right as a shipowner to claim the Limitation of Liability Act's liability cap,

should stay all related claims against Petitioner pending in state court.  The Court issued such a stay when it entered an Order Restraining Prosecution of Claims for thirty days on September 30, 2005. The stay was then extended on November 4, 2005.

The stay of prosecution of related claims pending in state court may be lifted when "all claimants . . . sign a stipulation protecting [Petitioner's rights] under the . . . Act."  In re ADM/Growmark River Sys., Inc., 234 F.3d at 885-86.  In this regard, parties seeking indemnification and contribution from Petitioner are considered Claimants and must therefore also sign the stipulation.  Id. at 886.  Claimants' latest stipulation, Second Amended Stipulation, filed on September 29, 2005, is not signed by Boss Exploration & Production Corporation or any of the FESCO Defendants, who are codefendants in the state court lawsuit and who may be asserting cross claims for indemnification, costs and attorneys' fees against Petitioner.  Indeed, FESCO, Ltd. has asserted "a viable claim for contribution and possible indemnity" against Petitioner. (FESCO, Ltd.'s Answer ¶ II.)  Claimants' Second Amended Stipulation, absent codefendants' signatures, is inadequate to protect Petitioner's right to limit liability.  See Odeco Oil & Gas Co., 74 F.3d at 675. The Motion to Deny Petitioner's Request for Injunctive Relief is therefore denied.

**B.**     **Motion to Stay and/or Abate the Complaint and Petition of Signet Maritime Corporation**

Claimants' Motion to Stay and/or Abate the Complaint and Petition of Signet Maritime Corporation is DENIED.  Pursuant to the Limitation of Liability Act, it is within Petitioner's right to initiate a federal limitation of liability proceeding. 46 U.S.C. app. § 185.  In the process of seeking limited liability,  Petitioner may also seek exoneration from liability.  See In re Tetra Applied Tech., 362 F.3d 338, 342 (5th Cir. 2004).  Unless there is a stipulation that protects Petitioner's right to

- 5 -

limit liability and that is signed by all Claimants, including codefendants in the state court lawsuit, this Court may consider Petitioner's Complaint and Petition.  There is no stipulation in the record that is signed by all codefendants.  Claimants' motion is therefore denied as the instant federal proceeding is properly before this Court pursuant to the Limitation of Liability Act.

C.     **Motion to Dismiss Complaint and Petition of Signet Maritime Corporation for Exoneration from Liability under Fed. R. Civ. P. 12(b)(6)**

Claimants' Motion to Dismiss Complaint and Petition under Fed. Civ. P. 12(b)(6) is DENIED.  The three-page double-space motion contains one argument, and that is Petitioner does not have "a right to exonerate from liability" in the instant federal proceeding.  Claimants' position is not supported by established law.

It is true that the Limitation of Liability Act does not specify a petitioner in a limitation of liability proceeding is also entitled to exoneration from liability.  In re Tidewater, Inc., 249 F.3d 342, 347 (5th Cir. 2001).  However, Rule F of the Supplemental Rules for Admiralty and Maritime Claims, which contains the procedure for a limitation of liability proceeding, provides that a petitioner "may demand exoneration from as well as limitation of liability."  Fed. R. Civ. P. Supp. R. F(2).  Thus, in the process of seeking limited liability, Petitioner Signet Maritime Corporation may also seek exoneration from liability.  See In re Tetra Applied Tech., 362 F.3d at 341-42.

If limitation of liability is not at issue, then the Limitation of Liability Act does not create a freestanding right to exoneration from liability in federal district court.  In re Tetra Applied Tech., 362 F.3d at 342.  However, the issue of limitation of liability is at issue before this Court, as no adequate stipulation has been filed, therefore Petitioner may also seek exoneration from liability in this Court pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims.  Fed.

- 6 -

R. Civ. P. Supp. R. F(2).  Claimants' motion is therefore denied.

**D.      Motion to Lift Stay and Injunction**

Claimants' Motion to Lift Stay and Injunction is DENIED, because when a limitation of liability proceeding is initiated in federal district court, and it is in this case, the Court should stay all related claims against Petitioner pending in state court to protect Petitioner's absolute right as a shipowner to claim the Limitation of Liability Act's liability cap and to reserve the adjudication of that right in federal district court.  _Magnolia Marine Transp. Co._, 964 F.2d at 1575.  The stay articulated in Order Restraining Prosecution should be lifted only if an adequate stipulation has been filed; no such stipulation has been filed here.  Claimants' Motion to Lift Stay and Injunction is therefore denied.

**V.      Conclusion**

For the reasons set out above, Claimants' (1) Motion to Deny Petitioner's Request for Injunctive Relief, (2) Motion to Stay and/or Abate the Complaint and Petition of Signet Maritime Corporation, (3) Motion to Dismiss Complaint and Petition of Signet Maritime Corporation for Exoneration from Liability under Fed. R. Civ. P. 12(b)(6), and (4) Motion to Lift Stay and Injunction are DENIED.

SIGNED and ENTERED on the 29th day of November, 2005.

_____
Janis Graham Jack
United States District Judge